IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CONNIE TSOUMANIS, | ) | |
| | ) | Civil Action |
|   Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| REDI-CARPET SALES OF GEORGIA, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
|   Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Connie Tsoumanis ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant Redi-Carpet Sales of Georgia, LLC ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

1

## JURISDICTION

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

## VENUE

3.

The unlawful employment practices alleged in this Complaint were committed within this district. Thus, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a Georgia resident and subject to jurisdiction in this Court.

5.

At all times relevant to this action, Defendant has been doing business within this district. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## ADMINISTRATIVE PROCEDURES

7.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

8.

Upon Plaintiff's request, on August 3, 2021, the EEOC issued Plaintiff a Notice of Right to Sue with respect to Plaintiff's EEOC Charge, entitling an action to be commenced within ninety (90) days of receipt of that notice.

9.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

10.

Plaintiff began working for Defendant on March 9, 2020, as General Manager for Defendant's Atlanta location.

11.

On April 26, 2021, Curt Graulich, Defendant's Vice President, notified Plaintiff that she was receiving disciplinary action in the form of a "Personal Action Summary."

12.

On May 10, 2021, Mr. Graulich physically gave Plaintiff an "Employee Counseling Form," codifying the Personal Action Summary. The reason noted for the counseling was unsatisfactory work performance.

13.

Plaintiff responded to the counseling form on or about May 11, 2021, in a bullet point writing directed to Mr. Graulich. In this writing, Plaintiff pointed out that the company was male dominated and women were not respected.

14.

Plaintiff told Mr. Graulich in her response that, as a woman in a male-dominated industry, she felt that her voice was not heard and that her decisions and ideas were dismissed. Plaintiff further explained that she was questioned on every decision made and believed this was because she is a woman.

15.

Prior to providing her response to the counseling form, Plaintiff had simply been giving a coaching.

16.

Following Plaintiff's written complaint, Mr. Graulich told Plaintiff that Harvey Rosenberg, Senior Vice President and Mike Mosely, Executive Vice

President, were angry about Paragraph 9 of her response, which constituted Plaintiff's protected complaint of gender discrimination.

17.

Mr. Rosenberg flew to Plaintiff's office the following week and terminated her employment. Defendant has set Plaintiff's work end date for the end of August 2021.

18.

Any reason provided for terminating Plaintiff's employment is pretext for unlawful retaliation against Plaintiff because of her protected activity.

19.

Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964.

20.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## COUNT I: RETALIATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Plaintiff's complaints and opposition to gender discrimination constitute protected activity under Title VII.

23.

Defendant subjected Plaintiff to adverse action by terminating Plaintiff because of her protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

24.

There was a causal connection between the protected conduct and the adverse actions against Plaintiff.

25.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

26.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

27.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a) That judgment be entered against Defendant on all claims;

(b) That general damages be awarded for mental and emotional suffering;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Lost wages and other economic damages;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which she may be entitled.

This 10th day of August, 2021.

                                                              **BARRETT & FARAHANY**

                                                              /s/ V. Severin Roberts
                                                              V. Severin Roberts
                                                              Georgia Bar No. 940504
                                                              Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
vsroberts@justiceatwork.com